# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 9, 2007

131547 & (64)

JAMES A. KARCHON and DENNIS M. KARCHON,
        Plaintiffs-Appellants,
        Cross-Appellees,
v

LAND WORKS LANDSCAPES, INC., LAWN WORLD, INC., C. KELLY O'DONNELL, and DOUGLAS S. GENDJAR,
        Defendants-Appellees,
        Cross-Appellants,
and

LWL LANDSCAPING,
        Defendant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131547
COA: 255513
Oakland CC: 02-040292-CB

On order of the Court, the application for leave to appeal the March 21, 2006 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE that portion of the Court of Appeals judgment that reversed the trial court's award of treble damages for harm to the plaintiffs' trees. A trial court's factual findings are reviewed for clear error. MCR 2.613(C); *People v Cress*, 468 Mich 678, 691 (2003). The record in this case contains no evidence to support the Court of Appeals' conclusion that the damage to the plaintiffs' trees occurred as a natural consequence of the defendants' use of the property or that any such damage would have been included in the rental price. Because the trial court's findings of fact were not clearly erroneous, the Court of Appeals erred in reversing that portion of the trial court's judgment awarding the plaintiffs treble damages for harm to their trees occurring as a result of the defendants' trespass of plaintiffs' property. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court. The application for leave to appeal as cross-appellant is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

      KELLY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 9, 2007

_____
Clerk

t0306